FILED

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

2009 SEP 10 P 2: 28

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| JULIO E. TAPIA, | ) |
| | ) |
| and | ) |
| | ) |
| EDITH M. TAPIA, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| U.S. BANK, N.A., as Trustee for RFMSI 2006S3, | ) |
| | ) |
| RFMSI SERIES 2006-S3 TRUST, | ) |
| | ) |
| HOMECOMINGS FINANCIAL LLC, | ) |
| | ) |
| GMAC MORTGAGE LLC, | ) |
| | ) |
| COUNTRYWIDE HOME LOANS, INC., | ) |
| | ) |
| BANK OF AMERICA, N.A., | ) |
| | ) |
| FIRST SAVINGS MORTGAGE CORPORATION, | ) |
| | ) |
| LTD FINANCIAL SERVICES, | ) |
| | ) |
| UNITED GUARANTY RESIDENTIAL INSURANCE COMPANY OF NORTH CAROLINA, | ) |
| | ) |
| RESIDENTIAL FUNDING COMPANY LLC, | ) |
| | ) |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., | ) |
| | ) |
| SAMUEL I. WHITE, P.C., | ) |
| | ) |
| LARRY F. PRATT, | ) |

1:09CV1025-GBL/JFA

Case No. CL00057402-00

JOHN & JANE DOE      )
CERTIFICATE HOLDERS OF RFMSI )
Mortgage Backed Certificates, I-M,   )
                 )
JACK & JILL DOE       )
CERTIFICATE HOLDERS, I-M, and  )
                 )
QUI & CHI DOE        )
Associations, Corporations and Entities, I-M, )
                 )
     Defendants.     )
_____)

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants U.S. Bank, N.A., as Trustee

for RFMSI 2006-S3 Trust; RFMSI Series 2006-S3 Trust; Homecomings Financial LLC; GMAC

Mortgage LLC; Residential Funding Company LLC; Mortgage Electronic Registration System,

Inc.; and Samuel I. White, P.C. (collectively, the "Defendants"), by counsel, hereby remove this

action from the Circuit Court for the County of Loudoun, Virginia to the United States District

Court for the Eastern District of Virginia, Alexandria Division.  Removal is proper because this

Court has subject matter jurisdiction over this action under federal question jurisdiction pursuant

to 28 U.S.C. § 1331.

### STATEMENT OF GROUNDS OF REMOVAL

I.  **Background**

    1.  On August 13, 2009, Plaintiffs Julio E. Tapia and Edith M. Gonzales De

Tapia filed a Complaint (hereinafter "Complaint") against Defendants in the Circuit Court for the

County of Loudoun, Virginia.  A copy of the Complaint filed in state court is attached hereto as

**Exhibit A**.  Plaintiff's claims arise out of an alleged mortgage transaction secured by certain

property (the "Property") entered into by Plaintiff in January of 2006 and Plaintiffs' subsequent default on their loan obligations.

2.    On August 20, 2009, Defendant Homecomings Financial LLC received a copy of the Complaint by service upon its registered agent.  Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

3.    In their Complaint, Plaintiffs attempt to assert the following causes of action against Defendants and others:

a.    COUNT ONE: Violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (Compl., ¶¶ 51-53);

b.    COUNT TWO: Declaratory Judgment Voiding the Foreclosure Sale of the Property (Compl., ¶¶ 54-55);

c.    COUNT THREE: Breach of Fiduciary Duty (Compl., ¶¶ 56-59);

d.    COUNT FOUR: Quiet Title to the Property (Compl., ¶¶ 60-62);

e.    COUNT FIVE:  Injunctive Relief Staying the Foreclosure of the Property (Compl., ¶¶ 63-66);

f.    COUNT SIX:  Fraud "upon the Plaintiff, the Court, and the residents of [Loudoun] County" (Compl., ¶¶ 70-75); and

g.    COUNT SEVEN: Due Process Violations of the Fifth and Fourteenth Amendments to the United States Constitution and the Bill of Rights of Virginia (Compl., ¶¶ 76-104).

4.    Defendants deny the allegations in the Complaint, deny the Plaintiffs have stated a claim for which relief may be granted, and deny that Plaintiffs have been damaged in any manner.  Nevertheless, assuming, for jurisdictional purposes only, that Plaintiffs' claims are valid, they could have originally filed their Complaint in this Court under federal question and supplemental jurisdiction.  Removal of this entire case is therefore proper under 28 U.S.C. § 1441.

## II.     Federal Jurisdiction

### A.     Federal question jurisdiction exists over Plaintiffs' claims.

5.     Federal question jurisdiction pursuant to 28 U.S.C. § 1331 exists over this action because Plaintiffs attempt to assert claims in their Complaint that involve questions that will require resolution of significant, disputed issues of federal law, including but not necessarily limited to claims under the FDCPA and the Fifth and Fourteenth Amendments to the U.S. Constitution.

6.     Plaintiffs allege that the Defendants violated the provisions of the FDCPA, and, therefore, seek "the maximum statutory damages under the [FDCPA] against Defendants . . . for each violation of the FDCPA, and [an] award [of] reasonable attorney's fees, costs, and punitive damages." (Compl., ¶ 53).

7.     Plaintiffs allege that the Defendants have somehow violated Plaintiffs' Due Process rights guaranteed under the Fifth and Fourteenth Amendments to the U.S. Constitution.  (Compl., ¶¶ 76-104).

8.     To determine whether Plaintiffs' claims are valid, the Court will have to decide whether the Defendants violated the requirements of FDCPA and Plaintiff's rights under the federal Constitution.  Accordingly, the outcome of this case depends upon substantial questions of federal law and qualifies for federal question jurisdiction. *See Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 303, 312 (2005) (federal jurisdiction exists if resolution of claims depends on significant questions of federal law).

9.     Accordingly, because Plaintiffs' Complaint requires a ruling on the FDCPA and the United States Constitution, this case qualifies for federal question jurisdiction and is removable.

**B.      All remaining claims are within the Court's supplemental jurisdiction.**

10.     Because the Court has federal question jurisdiction over the claims discussed above, this Court has supplemental jurisdiction over all remaining claims. *See* 28 U.S.C. § 1367.

## III.   Venue

11.     Venue is proper in this Court because this district and division encompass the Circuit Court for County of Loudoun, Virginia, the forum from which the case has been removed. *See* 28 U.S.C. § 1441.

## IV.   Notice

12.     Concurrent with the filing of this Notice, Defendants will file a copy of this Notice of Removal with the Clerk of the Circuit Court for County of Loudoun, Virginia, a copy of which is attached hereto as **Exhibit B**.

WHEREFORE, Defendants U.S. Bank, N.A., as Trustee for RFMSI 2006-S3 Trust; RFMSI Series 2006-S3 Trust; Homecomings Financial LLC; GMAC Mortgage LLC; Residential Funding Company LLC; Mortgage Electronic Registration System, Inc.; and Samuel I. White, P.C., by counsel, hereby remove this action to this Court.

**U.S. BANK, N.A., as Trustee for RFMSI 2006-S3 Trust**

**RFMSI SERIES 2006-S3 TRUST**

**HOMECOMINGS FINANCIAL LLC**

**GMAC MORTGAGE LLC**

**RESIDENTIAL FUNDING COMPANY LLC**

**MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.**

SAMUEL I. WHITE,

By: _____
Of Counsel

John C. Lynch, Esquire
Virginia State Bar No. 39276
*Counsel for Defendants U.S. Bank, N.A.,*
*as Trustee for RFMSI 2006-S3 Trust;*
*RFMSI Series 2006-S3 Trust;*
*Homecomings Financial LLC;*
*GMAC Mortgage LLC;*
*Residential Funding Company LLC;*
*Mortgage Electronic Registration System, Inc.; and*
*Samuel I. White, P.C.*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA  23462
Telephone:  (757) 687-7765
Facsimile:  (757) 687-1504
E-mail: john.lynch@troutmansanders.com


Jon S. Hubbard, Esquire
Virginia State Bar No. 71089
*Counsel for Defendants U.S. Bank, N.A.,*
*as Trustee for RFMSI 2006-S3 Trust;*
*RFMSI Series 2006-S3 Trust;*
*Homecomings Financial LLC;*
*GMAC Mortgage LLC;*
*Residential Funding Company LLC;*
*Mortgage Electronic Registration System, Inc.; and*
*Samuel I. White, P.C.*
TROUTMAN SANDERS LLP
1001 Haxall Point
P.O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1406
Facsimile: (804) 698-5186
jon.hubbard@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of September, 2009, a true and correct copy of the foregoing Notice of Filing of Notice of Removal was sent via regular U. S. Mail, postage prepaid, to the following:

> Countrywide Home Loans, Inc.
> c/o CT Corporation System
> 4701 Cox Road, Suite 301
> Glen Allen, VA 23060
>
> Bank of America, N.A.
> Office of the President
> 100 North Tryon Street
> Charlotte, NC 28255
>
> First Savings Mortgage Corporation
> c/o Larry F. Pratt
> 9444 Westpark Drive, Suite 400
> McLean, VA 22102
>
> LTD Financial Services
> 7322 Southwest Freeway, Suite 1600
> Houston, Texas 77074
>
> United Guaranty Residential Insurance Company
> of North Carolina
> c/o Corporation Service Company
> 11 South 12[th] Street
> Richmond, VA 23218
>
> Larry F. Pratt
> 8444 Westpark Drive, 4[th] Floor
> McLean, VA 22102

Jon S. Hubbard, Esquire
Virginia State Bar No. 71089
*Counsel for Defendants U.S. Bank, N.A.,*
*as Trustee for RFMSI 2006-S3 Trust;*
*RFMSI Series 2006-S3 Trust;*
*Homecomings Financial LLC;*
*GMAC Mortgage LLC;*
*Residential Funding Company LLC;*
*Mortgage Electronic Registration System, Inc.; and*
*Samuel I. White, P.C.*
TROUTMAN SANDERS LLP
1001 Haxall Point
P.O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1406
Facsimile: (804) 698-5186
jon.hubbard@troutmansanders.com

1865367v1

8